**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JEREMY ROBINSON,

    Petitioner,

v.                                            CASE NO.  8:16-cv-1828-T-24 AAS

UNITED STATES OF AMERICA,

    Defendant.
_____/

**O R D E R**

Petitioner, proceeding pro-se, has filed a Motion to Vacate pursuant to 28 U.S.C. § 2255.  The Court has undertaken an examination of the motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. After doing so, the Court concludes that it plainly appears from the motion as well as the record of Petitioner's prior criminal proceedings,[1] that he is not entitled to relief and that the motion must be dismissed.  In view of that conclusion, the Court needs no response from Defendant or to conduct an evidentiary hearing.

Petitioner pled guilty to carrying a firearm during and in relation to a drug trafficking crime and/or possession a firearm in furtherance of such a crime in violation of 18 U.S.C. section 924(c)(1)(A)(i) and 2 (count two), and felon in possession of a firearm

---

[1] See case number 8:14-cr-305-T-24EAJ.

and ammunition in violation of 18 U.S.C. sections 922(g)(1) and 924(a)(2) (count three). The Court later sentenced Petitioner to a term of imprisonment of 24 months as to count three, and a consecutive term of imprisonment of 60 months as to count two. Petitioner did not file a direct appeal. Petitioner now seeks relief under the auspices of § 2255 in which he claims that because his conviction on count two was based on 18 U.S.C. § 924(c)(3)(B)'s residual clause relating to the definition of a crime of violence, and because that clause is unconstitutionally vague, his conviction as to count two is no longer permissible. Petitioner's claim for relief rests on the decision in <u>Johnson v. United States</u>, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), in which the Supreme Court held that the residual cause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in <u>Welch v. United States</u>, 578 U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

     After careful consideration, the Court concludes that <u>Johnson</u> affords Petitioner no collateral relief with regard to the conviction and sentence imposed in count two. First, <u>Johnson</u> did not address the statute under which Petitioner was convicted. Instead, <u>Johnson</u> ruled on the constitutionality of the residual clause of the ACCA. Second, Petitioner was convicted under 18 U.S.C. section 924(c)(1)(A)(i) of carrying a firearm during and in relation to a drug trafficking crime, not a crime of violence. Therefore, whether or not 18 U.S.C. section 924(c)(3)(B)'s definition of crime of violence is vague and unconstitutional has no relevance to Petitioner.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate (Dkt. 1) is **DISMISSED**. The Clerk is directed to enter judgment for the United States and to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on July 22, 2016.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

**COPIES FURNISHED TO**:
Counsel of Record
Pro se Petitioner